# MATTHEW W. BRISSENDEN, P.C.
## ATTORNEY AT LAW

666 Old Country Road, Suite 501          516-683-8500, Fax: 516-683-8410
Garden City, New York 11530              matthew.w.brissenden@gmail.com

December 11, 2024

<u>Via ACMS</u>

The Honorable Sarah A. L. Merriam
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:     *United States v. Goklu*
        <u>Docket No. 24-767</u>

Dear Judge Merriam,

This office has been appointed to represent the Defendant-Appellant in connection with the above-captioned appeal. At Mr. Goklu's request, I recently filed a motion seeking permission for the Appellant to file a supplemental, *pro se* brief.

In an Order dated December 2, 2024, the Court sought clarification as to the specific issues the Appellant intends to raise in his *pro se* brief. Additionally, the Court noted that Mr. Goklu is currently scheduled to be released in May of 2025. In light of this impending release date, the Court directed my office to confirm that the Appellant desires to file a *pro se* brief, notwithstanding the delay which will result from supplemental briefing.

I am writing to confirm that Mr. Goklu is aware of his scheduled release date. He understands that filing a *pro se* brief will delay the appellate process, and that he will not obtain a decision from the Court until after he has been released from custody. I discussed these issues with Mr. Goklu before filing the application, and again after receiving the Court's order. Despite this timing, the Appellant maintains his desire to file a supplemental, *pro se* brief, in order to raise arguments not contained within the counseled brief.

The Appellant informs me that he intends to raise four issues in his *pro se* submission. His description of these issues is set forth below:

1.    Insufficient Evidence for Money Laundering (Count One)

Mr. Goklu intends to challenge the sufficiency of the evidence underlying his conviction for Count One.  Specifically, he argues that the government failed to prove the requisite intent and knowledge that the funds in question were proceeds of specified unlawful activity, as required under 18 U.S.C. § 1956(a)(3). Early transactions lacked representations of illegality, and recordings indicate confusion on Mr. Goklu's part regarding terms such as "oxy" and "Adderall." This argument directly questions the government's ability to meet its burden of proof for Count One.

2.    Prejudicial Language and Criminalization of Bitcoin

The supplemental brief will argue that the government's repeated association of Bitcoin with criminal activity (e.g., the "Dark Web") improperly prejudiced the jury. This narrative was unchallenged at trial and left the jury with an incomplete understanding of Bitcoin's widespread legitimate uses in commerce, remittances, and investment. Mr. Goklu will further argue that trial counsel's failure to address this narrative or present expert testimony on Bitcoin contributed to this prejudice.

3.    Ineffective Assistance of Counsel, Selective Targeting,
        and Manipulation of Bitcoin and Voice Records

Mr. Goklu intends to claim that trial counsel failed to adequately counter the government's manipulation of Bitcoin and voice recordings, which exaggerated criminal connections. Additionally, the supplemental brief will argue that the government selectively targeted Mr. Goklu, out of thousands of buyers and sellers on platforms like LocalBitcoins, for discriminatory enforcement.

Mr. Goklu's limited activity on LocalBitcoins consisted of only three transactions, primarily for the legal purchase of Bitmain Antminers, electronic devices used for cryptocurrency mining. Despite this, the government escalated representations of illegality in subsequent transactions to fabricate criminal intent. The argument will emphasize the cumulative effect of these issues on the fairness of the trial.

4.    Government Misconduct and Sentencing Hearing Violations

Finally, the supplemental brief will address multiple instances of government misconduct, including reliance on unreliable testimony and contradictions in their exhibits. During sentencing, the government presented testimony from Laura O'Neil, whose history of false 911 calls and harassment undermines her credibility. Additionally, Mr. Goklu will point out that government exhibits contradicted claims of extortion, unpaid

rent, and other allegations, revealing a lack of due diligence or intentional misrepresentation.

Furthermore, Mr. Goklu will address procedural concerns during sentencing, including comments by the judge (e.g., "give me the phone") that he perceives as prejudicial. He also intends to raise concerns about procedural errors, such as the government's failure to maintain complete records, including omissions or inconsistencies in recorded evidence.

The Appellant informs me that he is diligently working on a brief to address these issues, but requires at least 90 days to complete his submission, due to the difficulties inherent in researching and preparing a brief while in custody.

Thank you for considering this request.

Respectfully submitted,
/s/
Matthew W. Brissenden

cc:     Mustafa Goklu